## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS
## EASTERN DIVISION

In re: Stephanie T Sykes

)  14 B 23884
)
Debtor(s)  )  Judge Janet S. Baer

### *NOTICE OF MOTION AND CERTIFICATE OF SERVICE*

| | |
|---|---|
| Stephanie T Sykes | Jason Blust LLC |
| 1749 Brookfield Court | 211 W Wacker Dr #300 |
| Aurora, IL 60503 | Chicago, IL 60606 |

   Please take notice that on May 3, 2019 at 9:30 a.m., a representative of this office shall appear before the Honorable Judge Janet S. Baer or any other Bankruptcy Judge who may preside in her place and stead, at Kane County Courthouse, 100 S. Third Street, Room 240, Geneva, IL 60134 and present this motion.

   **Your rights may be affected. You should read these papers carefully and discuss them with your attorney, if you have one in this bankruptcy case. (If you do not have an attorney, you may wish to consult one.)**

   I certify that this office caused a copy of this notice to be delivered to the debtor by depositing it in the U.S. Mail at 801 Warrenville Road, Lisle, Illinois 60532 and to the debtor's attorney via the Court's CM/ECF system on April 24, 2019.

/s/ Glenn Stearns
Glenn Stearns, Trustee

MOTION TO MODIFY PLAN

Now Comes Glenn Stearns, Chapter 13 Trustee, requesting modification of the above debtor's plan pursuant to 11 U.S.C. § 1329 and in support thereof, states the following:

1. On June 27, 2014 the debtor filed a petition under Chapter 13.

2. The debtor's original plan filed June 27, 2014 (Doc 2) was confirmed August 22, 2014.

3. The confirmed plan provides for payments of $580 monthly for a minimum 48 months with the debtor's one secured creditor paid in full and an estimated dividend to general unsecured creditors of 10% of allowed claims.

4. Debtor's secured creditor is now paid in full and unsecured creditors have been paid a total of $1,970.

5. Allowed unsecured claims total $20,063.

6. The trustee is informed that the debtor's injury claim disclosed on her amended Schedule B (line 21) filed August 1, 2014 (Doc 15) has been settled and the debtor received a net amount of $31,477.13.

7. The debtor's amended Schedule C filed August 1, 2014 (Doc 15) exempted the first $15,000 of this claim.

8. The non-exempt amount received by the debtor was $16,477.

9. The debtor's plan must pay unsecured creditors the net, non-exempt proceeds of her injury claim, less trustee fees in order to satisfy §1325(a)(4).

10. The debtor's unsecured creditors must receive a total of $15,488; they have received $1,970 to date so they must receive an additional $13,518.

11. The debtor must pay an additional $14,381 to the trustee for unsecured creditors to net an additional $13,518.

12. The debtor has paid $24,970 to date.

13. The debtor's plan base must be increased to $38,451 in order for the debtor's plan to satisfy §1325(a)(4).

14. Pursuant to §§541, 1306 and the confirmation order entered in this case, property existing pre-petition or acquired post-petition are property of the estate.

15. Requiring the debtor to pay the net non-exempt proceeds to the Chapter 13 Trustee as an additional plan payment will prevent the dissipation of the funds and insure the plan will comply with §1325(a)(4).

WHEREFORE, the Trustee prays that the debtor's plan be modified to require total plan payments of $38,451, to require the debtor to remit the net non-exempt proceeds of her injury claim to the trustee for the benefit of unsecured creditors and for such other and further relief as this court deems proper.

Respectfully Submitted;
Glenn Stearns, Trustee
/S/ Glenn Stearns
By: Glenn Stearns

Glenn Stearns, Chapter 13 Trustee
801 Warrenville Road, Suite 650
Lisle, IL 60532   (630) 981-3888