**IN THE UNITED STATES BANKRUPTCY COURT**
**NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | |
|---|---|
| IN RE:  Stephanie Sykes  ) | |
| ) | Case No:  14 B 23884 |
| ) | Judge:  Baer |
| ) | Chapter  13 |
| Debtor  ) | |

## NOTICE OF MOTION

**Served upon the following parties electronically:**
**Office of United States Trustee**, Dirksen Federal Building, 219 S. Dearborn St., Room 873, Chicago, IL 60604
**Trustee:** Glenn Stearns, 801 Warrenville Rd, Suite 650, Lisle, IL 60532
**and served upon the following parties via U.S. Mail:**
Debtor: Stephanie Sykes, 1749 Brookfield Court, Aurora, IL 60503
**See Attached Service List**

PLEASE TAKE NOTICE that on June 68, 2019 at 10:00 a.m., or as soon thereafter as I may be heard, I shall appear before the Honorable Judge Baer, or any other Bankruptcy Judge presiding in her place in Courtroom 240 of the Kane County Courthouse, 100 S. Third St., Geneva, IL, on the attached Motion to Modify Plan, and shall request that the attached Order be entered, at which time you may appear if so desired.

## PROOF OF SERVICE

I, The undersigned, an attorney, hereby certify that a copy of this notice was served electronically or mailed to the above persons, at her respective addresses, postage prepaid, by depositing in the U.S. Mail at 211 W. Wacker Dr., Chicago, IL 60606, before 6:00 p.m. on or before June 7, 2019.

/s/ Jason Blust

Jason Blust
Law Office of Jason Blust, LLC
211 W. Wacker Dr., Ste. 300
Chicago, IL 60606
312-273-5001

**IN THE UNITED STATES BANKRUPTCY COURT**
**NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | |
|---|---|
| IN RE:  Stephanie Sykes  ) | |
| ) | Case No:   14 B 23884 |
| ) | Judge:     Baer |
| ) | Chapter   13 |
| Debtor                    ) | |

**MOTION TO MODIFY PLAN**

Now comes Stephanie Sykes (hereinafter referred to as "Debtor"), by and through her attorneys, and moves this Honorable Court for entry of an Order Modifying Plan, pursuant to section 1329 of the bankruptcy code, and in support thereof, respectfully represents as follows:

1. On June 27, 2014, the Debtor filed a petition for relief under Chapter 13 of the Bankruptcy Code.

2. The Debtor disclosed on Schedule B that she had a potential personal injury lawsuit arising from an injury that took place from a car accident in 2009. The value of this lawsuit was unknown at the time of filing because there was no guarantee that anything would arise from it.

3. The Debtor claimed the personal injury exemption of $15,000 on Schedule C.

4. This Honorable Court confirmed the Debtor's Chapter 13 plan on August 22, 2014. The confirmed plan provides for payments of $580.00 per month for a minimum of 48 months, with unsecured creditors receiving 10% on their timely filed claims. No language was in the plan or the confirmation order requiring the Debtor to turnover to the Trustee any non-exempt proceeds from the personal injury lawsuit if it was ever successful.

5. The Debtor is now in the 60th month of her plan, and she has completed all plan payments required in this case.

6. During the Trustee's final audit of this case it became known that the Debtor received a settlement in the net amount of $31,477.13 on October 10, 2014.

7. The Debtor has informed her attorney that she spent the proceeds from her settlement entirely on previous/ongoing medical expenses, catching up on household bills due to falling behind on them while she was out of work for approximately 7 months, and paying back friends/family who helped her over the years as a result of the car accident. There was also a death in the family and she used a portion of the proceeds to help pay for the funeral.

8. The Debtor was able to recover proofs of a number of the medical expenses she had, and these have already been shared with the Trustee's office. The Debtor however is unable to come up with proofs of the remainder of these expenses since they are over 4 years old at this point.

9. The Debtor is respectfully requesting that the requirement for her to turnover the non-exempt proceeds of her personal injury settlement be waived.

**WHEREFORE**, Debtor prays that this Honorable Court enter an Order waiving the requirement for her to turnover the non-exempt proceeds of her personal injury lawsuit, and for such other relief as this Court deems proper under the circumstances.

Respectfully submitted,

_/s/ Christopher Turnbull

Christopher Turnbull
Law Office of Jason Blust, LLC
211 W. Wacker Dr., Ste. 300
Chicago, IL 60606
312-273-5001