**IN THE UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | |
|---|---|
| IN RE:  Stephanie Sykes        ) | |
| ) | Case No:   14 B 23884 |
| ) | Judge:      Baer |
| ) | Chapter    13 |
| Debtor             ) | |

To:     Stephanie Sykes

Glenn Stearns, Chapter 13 Trustee, 801 Warrenville Rd, #650, Lisle, IL 60532

Please take notice that on July 26, 2019, I filed Debtor's Response to the Chapter 13 Trustee's Motion to Modify Plan.

By:     *Jason Blust*
        Jason Blust

## CERTIFICATE OF SERVICE

I, Jason Blust, an attorney, hereby certify that I caused a copy of this Response to be served upon the Trustee through the Court's CM / ECF system, and the above listed debtor by deposit in the US Mail on July 26, 2019.

By:     *Jason Blust*
        Jason Blust

Jason Blust
Law Office of Jason Blust, LLC
211 W. Wacker Dr., Ste. 300
Chicago, IL 60606
312-273-5001

**IN THE UNITED STATES BANKRUPTCY COURT**
**NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | |
|---|---|
| IN RE:  Stephanie Sykes        ) | |
| ) | Case No:   14 B 23884 |
| ) | Judge:     Baer |
| ) | Chapter    13 |
| Debtor                            ) | |

### DEBTOR'S RESPONSE TO TRUSTEE'S MOTION TO MODIFY PLAN

Now comes Stephanie Sykes (hereinafter referred to as "Debtor"), by and through her attorneys, and in response to the Chapter 13 Trustee's Motion to Modify Plan, states as follows:

### BACKGROUND

Debtor filed her petition and plan under Chapter 13 on June 27, 2014. The plan, which was confirmed on August 22, 2014, provided for a plan base of $27,840.00, a term of 48 months and a minimum dividend to general unsecured creditors of 10%. Prior to the filing of the Debtor's Chapter 13 she was involved in a motor vehicle accident. This potential claim was properly disclosed on Schedules B and C at the time of filing, with an unknown value listed. It is customary for Chapter 13 Trustees in the Northern District of Illinois to not recommend the confirmation of a plan when there is a contingent claim listed on the Schedules without the plan containing specific language that makes it clear the Debtor must turnover to the Trustee any non-exempt proceeds received during the pendency of the case. In this case, however, there is nothing like that in either the confirmed plan or confirmation order. It was not until the Debtor had essentially made her final payment to the Trustee and the case was in its final audit status (nearly 5 years after the case was filed), that the request was made for the turnover of any non-exempt proceeds from this claim.

## ARGUMENT

### I. There is no Basis for the Turnover of Non-Exempt Proceeds Absent a Specific Plan Provision Requiring the Debtor to do so in the Confirmed Plan

There is no dispute over whether property existing pre-petition or acquired post-petition is considered property of the estate pursuant to Sections 541 and 1306 of the Bankruptcy Code. However, these provisions simply define property of the estate. They do not require that the non-exempt proceeds of a personal injury claim be paid to the Trustee as an additional lump sum payment due under a Chapter 13 plan. It is Section 1325 (confirmation of plan) that dictates the amount debtors must pay to unsecured creditors. Section 1325(b)(1)(B) requires a debtor to pay the amount of her projected disposable income into the plan for three years if she is not paying 100% to unsecured creditors. See *In re Guzman*, 345 B.R. 640 (Bankr.E.D.Wisc.2006). The Debtor complied with this provision by proposing to pay $580.00 per month for 48 months. Section 1325(a)(4) requires the debtor to pay her creditors at least as much as they would get in a Chapter 7 case. See *In re* Reyes, 106 B.R. 155, 158 (Bankr.N.D.Ill.1989). The effective date for valuation and liquidation purposes under this Section is generally considered to be the time of plan confirmation. See *In re Hudock*, 124 B.R. 532 (Bankr.N.D.Ill.1991). The Debtor's plan complied with this requirement as well, because at the time of plan confirmation the claim was still contingent and valued as "unknown". It is precisely for this reason that Trustees typically always include an extra provision requiring that the Debtor turnover any non-exempt proceeds obtained during the case as additional payments before they will recommend a plan for confirmation. The Trustee has not identified any provision of the confirmed plan that requires the Debtor to now have to turnover any non-exempt proceeds as additional payments.

## II. Discretion and Fairness Considerations

The determination of a Section 1329 motion is ultimately left to the discretion of the bankruptcy judge. See *Matter of Witkowski*, 16 F.3d 739, 746 (7th Cir. 1994). However as noted in *Witkowski*, section 1329 itself offers little guidance on when the motion should be granted. *Id.* Any exercise of judicial discretion under the Bankruptcy Code should be informed by the two fundamental concepts of a fresh start for debtors and fairness to creditors. In this case no creditor has objected to the Debtor's motion to modify plan. Furthermore, the Debtor used her portion of the non-exempt proceeds from the accident to pay for medical bills and living expenses that became past due as a direct result of this incident. Had she known of a requirement to turnover the non-exempt proceeds, she could have asked for permission at the time to keep the funds to pay for these necessary things. Instead, there was no notice for the Debtor in the confirmed plan to have such a duty, and the Trustee did not make her aware of that fact until almost 5 years later when the plan payments were complete. At this point it's extremely unreasonable to expect a Debtor in the final stages of her bankruptcy, who faithfully complied with the terms of her confirmed plan for 5 years, to come up with an additional $14,381.00 in funds or else face dismissal. It is precisely this reason why Trustees input additional language into confirmed plans to put Debtors on notice of such a requirement.

## CONCLUSION

The only Bankruptcy Code provisions the Trustee cites in support of his position are 1325(a)(4), 541, and 1306. However, sections 541 and 1306 merely define property of the estate. They do not require the Debtor to make any additional payments under a Chapter 13 plan. Amounts paid to creditors are governed by section 1325, which the

Debtor complied with fully. Minus any confirmed plan provisions that require additional payments to creditors at a later date, the Debtor should not equitably be forced to do so at the end of her bankruptcy case. Such a thing would go against all considerations of fairness and the fresh start she sought through bankruptcy.

Wherefore, for the foregoing reasons, Debtor requests this Court deny the Trustee's Motion to Modify Plan and grant the Debtor's Motion to Modify Plan.

Respectfully submitted,

_____/s/ Jason Blust

Jason Blust
Law Office of Jason Blust, LLC
211 W. Wacker Dr., Ste. 300
Chicago, IL 60606
312-273-5001